Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 01 C 5586 | DATE | 7/25/2001 |
| CASE TITLE | Robert J. Scoggins vs. Carol Vance, et al | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Both the Complaint and this action must be and are dismissed (constituting one strike for purposes of Section 1915(g), although such dismissal does not affect Scoggins' continuing liability for payment of the $150 filing fee.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | JUL 2 6 2001 | |
| | Notified counsel by telephone. | | date docketed | 5 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 JUL 25 PM 2:56 | 7/25/2001 date mailed notice | |
| SN | courtroom deputy's initials | Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT J. SCOGGINS,        )
                           )
           Plaintiff,      )
                           )
   v.                      )   No.  01 C 5586
                           )
CAROL VANCE, et al.,       )
                           )
           Defendants.     )

**DOCKETED**

**JUL 2 6 2001**

MEMORANDUM OPINION AND ORDER

Robert J. Scoggins ("Scoggins") has submitted a self-prepared 42 U.S.C. §1983 ("Section 1983") Complaint--self-prepared in the sense that he has used the form made available by this District Court's Clerk's Office for prisoners claiming deprivations of their constitutional rights, with Scoggins having filled in the various blanks in the form in handwriting. Scoggins has named as defendants Health Care Unit Administrator Carol Vance ("Vance") of the Department of Human Services Treatment and Detention Facility (the "Facility," where Scoggins is in custody) and an unnamed doctor at the Health Care Unit there. Because Scoggins' status as a prisoner requires his compliance with 28 U.S.C. §1915,[1] this opinion will first turn to that subject and will then explain why both the Complaint and this action must be and are dismissed.

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

As required by Section 1915(a)(1) and (2), Scoggins has accompanied his Complaint with a filled-out Application To Proceed Without Prepayment of Fees ("Application"), together with a printout reflecting the transactions in his trust fund account at the Facility for the calendar quarters ended December 31, 2000 and March 31, 2001--for some reason the trust fund officer at the Facility did not include the most recent quarterly statement for the period ended June 30, 2001, though the official's certificate reports a balance of just $.02 in Scoggins' account as of July 10. Although all of the requisite information has thus not been furnished, the deposits into and the balance in the account are so small that this Court has simply taken the account activity during the one relevant quarter that has been provided (that ended March 31, 2001) and has extrapolated it to the six-month period referred to in Section 1915(a)(2). In those terms the account's average monthly deposits were only $2.83, so that the initial partial filing fee specified in Section 1915(b)(1) is just $.57.

Accordingly, Scoggins is assessed an initial partial filing fee of $.57, and the Facility's trust fund officer is ordered to collect that partial filing fee from Scoggins' trust fund account as soon as the account balance is sufficient for that purpose and to pay it directly to the Clerk of Court ("Clerk"). After such payment, the trust fund officer at the Facility or any other

correctional facility where Scoggins is confined is authorized to
collect monthly payments from his trust fund account in an amount
equal to 20% of the preceding month's income credited to the
account. Monthly payments collected from the trust fund account
shall be forwarded to the Clerk each time the amount in the
account exceeds $10 until the full $150 filing fee is paid. Both
the initial payment and all future payments shall be sent to the
Clerk, United States District Court, 219 South Dearborn Street,
Chicago, Illinois 60604, attention: Fiscal Department, and shall
clearly identify Scoggins' name and the 01 C 5586 case number
assigned to this action. To implement those requirements, the
Clerk shall send a copy of this order to the Facility trust fund
officer.

To turn to the substance of Scoggins' Complaint, he advances
two claims based on the denial of medical treatment or other
accommodations (a new mattress) that he has asked for but that
Vance has refused to provide (as will be seen, Scoggins really
does not complain that any doctor has refused him medical
treatment):

   1. Scoggins wants to be tested for AIDS, stating in
   Complaint ¶V that "there are 18 known people in this
   facility who are either H.I.V. positive or has [sic] AIDS"
   and "that I have engaged in sexual activity with someone who
   may be H.I.V. positive and therefore requested to be tested

3

for H.I.V./AIDS." According to Scoggins, Vance has responded that the Facility "does not do AIDS testing on demand."

2. Scoggins also wants a new mattress because a doctor's lumbar spine study had revealed "degenerative joint disease" and that "the sacroiliac joints and transverse processes are unremarkable." In that respect Scoggins says that the grievance examiner at the Facility has recommended that he receive a new mattress if one is available. Scoggins further complains that the Health Care Unit gives him no medication other than Tylenol for his back problem. But in seeking to make those matters the subject of a Section 1983 lawsuit, Scoggins does not appear to recognize that this Court does not serve as a general supervisory monitor of the manner in which the Illinois Department of Corrections conducts the business of running its institutions--instead this Court is authorized by Congress to intervene only when the complained-of conduct infringes the clearly established constitutional rights of a prisoner.

For that purpose Scoggins must look to the Eighth Amendment's proscription against "cruel and unusual punishment" as it is made applicable to state actors generally via the Fourteenth Amendment, and as it is made applicable to state prison authorities in particular by Estelle v. Gamble, 429 U.S.

4

97, 104 (1976) and its progeny. Though somewhat lengthy, the following statement from <u>Chapman v. Keltner</u>, 241 F.3d 842, 845-46 (7th Cir. 2001)(citations omitted) sets out the relevant considerations admirably:

> The Eighth Amendment protects prisoners from deliberate indifference to a serious injury or medical need. This protection is extended to arrested persons and pretrial detainees under the Due Process Clause of the Fourteenth Amendment. To prevail the detainee must satisfy an objective and a subjective element, namely that: (1) an objectively serious injury or medical need was deprived; and (2) the official knew that the risk of injury was substantial but nevertheless failed to take reasonable measures to prevent it. Under the first prong, an objectively serious injury or medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"...Under the second prong, it must be shown "that the official was aware of the risk and consciously disregarded it nonetheless."...Neither negligence nor even gross negligence is a sufficient basis for liability; rather, liability attaches only if the conduct is intentional or criminally reckless. Deliberate indifference can arise by a failure to provide prompt treatment for serious medical needs or by intentionally interfering with treatment once prescribed.

In this instance Scoggins' first grievance appears to fail both branches of the just-outlined inquiry. And even were that not so, Scoggins cannot survive in Section 1983 terms because any claimed entitlement to AIDS testing based on an individual's speculative and self-defined claimed need does not qualify as a "clearly established constitutional right" within the terms of <u>Anderson v. Creighton</u>, 483 U.S. 635, 639-40 (1987)--and hence Vance is protected by qualified immunity in any event. As for

Scoggins' second grievance, it too fails under both prongs of the above-referred-to inquiry--neither the required seriousness of a medical need nor the existence of intentional or criminally reckless conduct has been suggested.

What all of this adds up to is that Section 1983 is so patently inapplicable to Scoggins' Complaint that it is "frivolous" in the legal sense defined by <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) and refined in <u>Denton v. Hernandez</u>, 504 U.S. 25, 32-33 (1992). Hence both the Complaint and this action must be and are dismissed (constituting one strike for purposes of Section 1915(g), although such dismissal does not affect Scoggins' continuing liability for payment of the $150 filing fee.[2]

                                             _____
                                             Milton I. Shadur
                                             Senior United States District Judge

Date: July 25, 2001

---

[2] Scoggins has also tendered a Motion for Appointment of Counsel ("Motion"), using the form provided by this District Court's Clerk's Office for that purpose. Although Scoggins has not completed the form properly, by not having answered critical question 2 as to his own efforts to retain counsel, that omission is irrelevant because the dismissal of this action renders the Motion moot--and it is denied on that basis.