```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION

ROBERT J. SCOGGINS,                )
                                   )
                Plaintiff,         )
                                   )
    v.                             )    No.  01 C 5586
                                   )
CAROL VANCE, et al.,               )
                                   )
                Defendants.        )
```

### MEMORANDUM ORDER

Pro se plaintiff Robert Scoggins ("Scoggins") seeks reconsideration of this Court's April 30, 2007 memorandum order, asserting that his status at the time this lawsuit was filed was not that of a "prisoner" so as to subject him to the requirements of 28 U.S.C. §1915 ("Section 1915"), which provides limited in forma pauperis relief in prisoner litigation. But almost six years have passed since this Court's issuance of the July 25, 2001 final judgment order ("Order") in this action, which--on the premise that Scoggins <u>was</u> a prisoner for Section 1915 purposes--had confirmed his obligation under Section 1915 to pay the entire $150 filing fee in future installments as the price of his being permitted to proceed in forma pauperis. With no retention of jurisdiction having been ordered at that time, it is now far too late for Scoggins to seek relief from that requirement, even if the Order's invocation of Section 1915 were

to be found mistaken.[1]  Hence Scoggins' motion for reconsideration is denied.

But that does not mean Scoggins must go entirely without relief if part of the original filing fee remains unpaid and if Scoggins' present place of confinement, the Rushville Mental Health Facility ("Facility"), might seek to apply funds from his trust fund account there toward that obligation.  Research has revealed that although our Court of Appeals has not ruled definitively on the matter, its opinion in <u>Kalinowski v. Bond</u>, 358 F.3d 978, 979 (7th Cir. 2004) has indicated that where "a person whose criminal conviction has expired...is held thereafter as sexually dangerous," then "[a]pplying the PLRA's definition to such detainees may be difficult."[2]

So the situation is that some 2-1/2 years after the Order had obligated Scoggins to pay the filing fee in future installments rather than its being excused entirely, a substantial cloud was placed on that ruling by <u>Kalinowski</u> and the cases that it cites from other circuits.  If then Scoggins is indeed not now a "prisoner" for Section 1915 purposes, the Facility is no longer required to comply with the Order to remit any further funds toward payment of the original filing fee (cf.

---

[1]  Even if that were the case, the Order could not be characterized as void rather than voidable.

[2]  That reference to the PLRA specifically addresses the Section 1915 provisions.

Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997)). To that end a copy of this memorandum order is being sent to the Facility concurrently with transmittal of a copy to Scoggins himself.

                     _____
                     Milton I. Shadur
                     Senior United States District Judge

Date: June 4, 2007